1  Charles N. Guthrie (SBN 76644)
2  Attorney at Law
   121 Broadway, # 531
3  San Diego, California 92101
4  Tel: 619-230-8598
   Attorney for Defendant
5  Jeffrey Lawrence Harrell
6
7
8
9           **UNITED STATES DISTRICT COURT**
            **SOUTHERN DISTRICT OF CALIFORNIA**
10              **(HON. JANIS L. SAMMARTINO)**
11
   UNITED STATES OF AMERICA,    ) Case No.  19 CR 4240 - JLS
12                              )
13           Plaintiff,          )  SENTENCE MEMORANDUM
                                 )
14 v.                            ) Date:  September 17, 2021
                                 ) Time:  10:30 a.m.
15 JEFFREY LAWRENCE HARRELL,     ) Court: Hon. Gonzalo P. Curiel
16                              )
17           Defendant.          ) Sealed Exhibit 1, Psychiatric
                                 ) Report, Joseph McCullaugh, PH. D.
18                              )
19                              )
20 _____)
21
22      NOTICE: TO THE ABOVE-ENTITLED COURT AND RANDY
23 GROSSMAN, UNITED STATES ATTORNEY AND MEGHAN HEESCH,
24
25 ASSISTANT UNITED STATES ATTORNEY, HERE COMES DEFENDANT
26 JEFFREY LAWRENCE HARRELL AND THROUGH HIS CJA ATTORNEY
27 FILES THIS SENTENCE MEMORANDUM.
28
                                              19 CR 4240- JLS

I

GOAL OF SENTENCE MEMORANDUM

**(Less than 30 months in the new California counterfeiting case
and concurrent time in the Montana counterfeiting case)**

The goal of this sentence memorandum is to convince the court this 42 year-old, United States Citizen, who experienced a traumatic crisis in his early high-School life when— he was associated and stigmatized with his best friend's murdering of another person. His best friend confessing that he committed the murder to Jeffrey and thereafter Jeffrey was subpoenaed to court to testify against his friend. Which all taken together in his high school community stigmatized Jeffrey and spiraled his life into a life of drug use culminating in his eventual first arrest at the age of 31.

The Probation Officer, Steven Evert as well as Psychologist Joseph McCullaugh are in agreement that Mr. Harrell needs drug counseling and mental health counseling to deal with his use of drugs and overcome/ understand his early life trauma (being stigmatized when his friend was convicted of murder) he having to go to court and testify as to his friends confession to him.

The court is moved sentence Mr Harrell to less than 30 months and run his Montana Supervised Release sentence concurrent.

II

STATUS OF CASE

In defendant's first counterfeiting case in Montana he received 37 months,

and the Montana Probation Officer now recommends for violating Supervised Release a 24 month sentence.  (Amended Petition, Pg. 5, 4/25/2019)  The recommendation of the Probation Officer in the San Diego, in his new counterfeiting case is 41 months.  (PSR Pg. 19, Para. 91) The San Diego Prosecution recommends 40 months in his new counterfeiting case and that the Montana Revocation case run 18 months consecutive.  (Prosecution Sentence Memorandum, Pg 2, LL. 1-7; Prosecution Sentence Summary chart)

III

MENTAL HEALTH AND DRUGS DEPARTURE
U.S.S.G. 5H1.3

The defense brings forth a new insight into Mr. Harrell's criminality and recommends he receive both drug counseling and mental health counseling to deal with an early age trauma.  (See Variance Motion/ USSG 5H1.3)

The defense offers the argument that an early life experience in high school affected Mr. Harrell's life and pushed him toward using drugs and consequential theft crimes to acquire monies to purchase drugs.  The defense brings forth a new insight into Mr. Harrell's criminal past which focuses on his early high School experience wherein his high school friend committed a murder and he lost his friend (convicted of murder) as well as Mr. Harrell himself, becoming stigmatized at an early high-school age as the-close-friend of the murderer.  Both the Probation Officer's report, as well as the psychiatric report, Sealed Exhibit 1, recognize the role that the friend's loss and consequential stigma played in Mr. Harrell's life.

Dr. McCullaugh, was unable to diagnose Mr. Harrell with a post traumatic psychological injury.  However, the loss of Mr. Harrell's friend plays on Mr. Harrell's mind in a bothersome manner and is recognized in the reports of both Dr. McCullaugh as well as Probation Officer Steven Evert.

Dr. McCullaugh recommends that post-sentencing, Mr. Harrell participate in psychological treatment/ therapy to help him with compromised judgment, and ". . . lack of perspective on how his actions may affect others, and concerns over the role his early trauma/ and or loss has impacted his latter functioning." (See Psychological Report, McCullaugh, Pg. 11, 4th Para.)

## IV

## SUBSTANTIAL VARIANCE BASED ON DRUG AND MENTAL PROBLEMS

The United States Sentence Guidelines allow a departure from the guidelines when an aspect of a defendant's case is not adequately considered by the guidelines. (Title 18 U.S.C. 3553 (a)(2); U.S.S.G. 5K2.0(a)(1)(2))  The guidelines further allow departure when there is a combination of factors no one of them by itself being sufficient to allow departure; however, combined make the case an exceptional one for departure. (U.S.S.G. 5K2.0 ( c ))   Here we have an unusual case where a defendant first non-violently breaks the law when he is 31 years-of-age and does so with the use of drugs.  Coming from a supportive family he candidly acknowledges the wrongfulness of his actions and seeks counseling

for his problems.

## V

## ARGUMENT

United States Sentencing Guidelines, 5H1.3, allows the court to consider mental and emotional conditions with drugs and other offender characteristics which are present to an unusual degree. The new insight into Mr. Harrell's early high-school life makes him deserving of a sentence that embraces his mental problems as well as his drug problems. He comes to court with supportive parents and a positive attitude about getting counseling for his drug and mental problems. The court is moved to substantially vary his counterfeiting sentence downward below 30 months and run his Montana supervised release time concurrent along with a future supervised release that involves psychological counseling and drug counseling.

Respectfully submitted,

September 12, 2021

S/Charles N. Guthrie
Charles N. Guthrie, Atty at Law